TRINITY & SABINE RAILWAY CO. v. HENRY AND SILVIA MITCHELL.

No. 2665.

1. **Negligence—Right of Action.**—A section hand in the employ of a railway company while obeying directions to go down the road track walked on the track after riding for a space on the tender until it stopped. For some cause he halted upon the track and stooped down for some purpose not clearly stated a very short distance from the tender. While in that position the train with tender in front, which had stopped, was again put slowly in motion and ran over the section hand, killing him. The train was moving when the accident occurred at a place where neither a bell nor whistle was required by law to be sounded. No defect was shown either in the road bed, track, or cars, nor was there any evidence of incompetence on the part of those operating the train. In a suit against the railway company for damages brought by the surviving parents of the deceased, *held:*

1. The section hand and those engaged in operating the train were fellow servants.
2. Even had it been shown that the engineer operating the train was in the particular instance negligent that would not of itself have rendered the company liable in the absence of evidence that it had failed to use due care in selecting, employing, or retaining him.
3. If as the evidence tended to show the section hand was on the track without necessity therefor when he stopped and was injured, and so near the tender that he could not be seen by the engineer, his own negligence contributing to his death would have defeated a recovery of damages had he survived the injury, and was a bar to an action brought by his parents.

APPEAL from Tyler. Tried below before Hon. W. H. Ford.

In addition to the facts stated in the opinion the following among other things was in evidence, viz.:

W. W. Salter testified that the engine was switching at Ogden Station and had backed up going west when the deceased was going down the track. The deceased stopped, stooped over, and seemed to be tying his shoe. Some time before that deceased had been walking along by the track and then stepped over between the rails some twenty-five feet from the tender. His back was to the tender when he was bending over in a stooping posture, and the witness could not tell whether the engineer

could then have seen him or not; did not think that a bell was sounded or whistle blown at and before the time of the accident. There was a public road about one hundred yards east of the place of the accident.

Bowman Marshall testified that he saw the deceased stop and stoop over on the road track some fifteen or twenty feet from the tender just before he was struck, the engine going at the time not over four or five miles an hour.

Dan Hanks, who was a fellow servant with deceased, testified that the section boss had sent them both down the track for a spike maul and gauge to repair a switch. He walked outside of the track; the deceased walked between the rails; both rode on the tender down the track until the engine stopped and then they walked. Deceased stepped between the rails some fifteen or twenty feet in front of the tender and seemed to be tying his shoes; while thus stopping the engine again began to back up toward deceased; did not see him when he was struck, for the corner of the tender hid him from view.

J. Schnarr testified that he was a fireman on the road; there was wood on the tender at the time of the injury some eighteen or twenty inches above the top of the tender; there was a lookout on the side the witness was on and also a lookout on the side of the engineer; the engineer could not have seen a man nearer than forty feet from the tender even by looking out as far as he could reach; no one at the engine could have seen a man on the track by looking over the tender for half a mile where the accident happened, considering the down grade and the wood piled up on the tender. Witness was himself the lookout when deceased was killed, and did not see him.

Another witness, Henry Andrias, saw the killing with a different vision. He was walking along the road track with deceased, being also a section hand, when deceased seeing the tender and engine approaching said "Let's ride," and thereupon deceased in attempting to board the tender fell and was killed. As to whether a bell was rung or whistle blown there was conflict in the evidence, but there was no evidence that the injury occurred at a place where either was required. Verdict and judgment for plaintiffs for $250.

*Sam T. Rabb* and *J. P. Stevenson*, for appellant.—1. A railroad company is not held to the same degree of care in operating its engines in its yards as at public crossings.

As to granting new trials. G. C. & S. F. Ry. Co. v. Wallen, 65 Texas, 568; Simonton v. Forrester, 35 Texas, 584; Mo. Pac. Ry. Co. v. Christman, 65 Texas, 369; Taylor v. Spaulding, 32 N. W. Rep., 863; Cogdon v. Bailey, 38 N. W. Rep., 629.

As to affirmative evidence. Chicago, etc., R. R. Co. v. Robinson, 13

Am. and Eng. R. R. Cases, 620; Winkfield v. State, 41 Texas, 148; Walker v. State, 42 Texas, 360; Coles v. Perry, 7 Texas, 140.

As to liability in yards. Texas Pac. Ry. Co. v. Harrington, 62 Texas, 597; B. & O. R. R. Co. v. Depew, 12 Am. and Eng. R. R. Cases, 64.

2. The court should have granted defendant a new trial and erred in not granting the same because the evidence of both plaintiffs and defendant showed clearly and beyond a doubt that the deceased, George Mitchell, contributed to his death by his own negligent, careless, and reckless act at the time he was killed, and that he was familiar with the railroad service and the dangers incident thereto. H. & T. C. R. R. Co. v. Richards, 59 Texas, 373.

3. We further submit that if there was any evidence going to show negligence or due want of care on the part of the engineer, Johnson, at the time of the accident (but which we deny), that one single act of negligence or carelessness is not sufficient of itself to show want of care on the part of the defendant in the employment of said engineer, nor is that of itself sufficient to show general incompetency of said engineer. G. H. & S. A. R. R. Co. v. Faber, 63 Texas, 344; 4 Wait's Act. and Def., 414; Connelly v. Minneapolis E. Ry. Co., 35 N. W. Rep., 582; Tabler v. Railroad Co., 5 S. W. Rep., 810 and note; H. & T. C. Ry. Co. v. Gilmore, 62 Texas, 391.

As to who are fellow servants we cite the two cases last above cited, and also 4 Wait's Act. and Def., 415; Dallas v. G. C. & S. F. Ry. Co., 61 Texas, 196, and the cases there cited; H. & T. C. Ry. Co. v. Rider, 62 Texas, 267; Texas & Pac. Ry. Co. v. Harrington, 62 Texas, 567; Mo. Pac. Ry. Co. v. Watts, 63 Texas, 549.

4. The court should have granted defendant a new trial, and erred in not doing so, because the verdict of the jury is excessive and has no evidence to support it, there being no evidence showing that plaintiffs were damaged.

*West & Chester*, for appellees.—A locomotive engineer and fireman are not fellow servants with a section hand in the sense that will excuse the common employer from liability to the latter for damages caused by the negligence of the former. Mitchell v. Robinson, 80 Ind., 281; Corcoran v. Holbrood, 59 N. Y., 512; Railroad Co. v. Keary, 3 Ohio, 210; Railroad Co. v. Lovally, 36 Ohio, 222; Railroad Co. v. May, 108 Ill., 288; 1 Redf. on Rys, 529; R. R. Co. v. Bowler, 9 Heisk., 866; Cowles v. R. R. Co., 84 N. C., 309; Moon v. R. R. Co., 78 Va., 745; Railroad v. Ross, 112 U. S., 377; Railroad v. Decker, 84 Pa. St., 419; Quincy Co. v. Kitts, 42 Mich., 341; Mann v. R. R. Co., 91 N. Y., 495; Davis v. R. R. Co., 55 Vt., 84; Dryniolla v. Thompson, 26 Minn., 40; Railroad Co. v. O'Conner, 77 Ill., 39; Railroad Co. v. Maranda, 93 Ill., 305; Railroad Co. v. Collins, 76 Va., 745; Railroad Co. v. Carroll, 6 Heisk., 347; Gar-

rabay v. R. R. Co., 25 Fed. Rep., 258; Randall v. Railway Co., 109 U. S., 428.

STAYTON, CHIEF JUSTICE.—Appellees seek to recover damages for an injury resulting from the death of their son, a young man who had nearly reached majority, which it is alleged was caused by the negligence of the servants of appellant, and by the negligence of appellant in keeping in its service an engineer alleged to have been unfit for the place. There is, however, no evidence tending to show that the engineer in charge of the train at the time the young man was injured was not in every respect a competent, careful, and sober man.

The person injured was in the service of the railway company in the capacity of section hand, and it seems at work on the section when the injury occurred.

It was desired to place on a side track at Ogden some cars, but it needed some repairs before this could be done, and with a view to the making of them the deceased was directed to go westwardly down the main track to a hand car to get spike maul, spikes, and gauge. It seems that the train with tender in front started in that direction and that the deceased went on it until it stopped short of the place to which he was going. He then left the tender and started on his way down the track, but for some purpose, probably to tie his shoe, stopped on the track but a short distance from the tender, which soon moved slowly to the westward and ran over him while running at a very slow rate of speed.

This is the statement of the case most favorable to the appellees that can made from the evidence, while the evidence offered by appellant tends to show that deceased was injured while attempting to get on the front end of the tender while in motion.

There is some conflict in the evidence whether the bell was ringing or other signal given of the running train, but it is not shown that the injury occurred at a place where the law requires such signals to be given for the protection of any person. A public road was but a short distance to the east, but the moving train had crossed that and was moving west. Under this state of facts it is urged that there was no sufficient evidence to sustain a verdict for the plaintiffs and that the court erred in refusing to grant a new trial based on this ground.

That the deceased and those engaged in operating the train were fellow servants is settled by the former decisions made in this State. His death is not shown to have been brought about by any defect in the track or cars which would fix liability on the master for injury to a servant. It is not shown that the engineer or any other person engaged in operating the train was incompetent or for any reason unsuitable to discharge the duties of the position he held, nor even that the engineer was negligent in the particular instance.

Under this state of facts we think the motion for new trial should have been granted. Had it even been shown that the engineer was negligent on the particular occasion this of itself would not be sufficient evidence to fix liability on appellant on the ground that it had not used due care in selecting, employing, or retaining him. The evidence, however, tends to show that the deceased was on the track so near to the tender that the engineer could not see him. There was no necessity for him to be there, and on the case made by the evidence it would seem that his own negligence contributed to the injury and would bar an action by him had he survived, and what would bar an action by him must operate as a bar to an action brought by his parents for an injury resulting in his death.

The new trial should have been granted, and for the error of the court below refusing it the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Opinion February 5, 1889.